## S. DEXTER LUDDEN
## v.
## ALBERT STERN.

1. LANDLORD AND TENANT—LEASE—AGREEMENT.—On January 10, 1883, A, who was occupying a building by his lease of that date, demised and leased to B the building, the term commencing April 1, 1883, and ending April 30, 1884. On the same day and as a modification of the lease, the parties executed a memorandum of an agreement, and the question at issue is whether the right of B to possession of the building on April 1, 1883, was impaired by such agreement. The court is of opinion that the real

Ludden v. Stern.

object of the instrument was to give to A the right notwithstanding the lease, to retain possession of the building after April 1 and until April 30, 1883, if the exigencies of his business made it necessary for him to do so.

2. Failure to give possession—Rent.—B rented a portion of the building to C, the term to begin April 10, 1883. On that day C demanded possession, but B was unable to give him possession, as A still occupied the building. C did not subsequently take possession of the premises. Two months later, B claiming that two installments of rent were due and in arrears, issued his distress warrant against C. *Held*, that since the possession of A was rightful, and C therefore could not maintain an action of forcible detainer or ejectment against him, B is barred from recovering rent from C.

Appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed July 21, 1886.

Mr. Frank J. Crawford, for appellant.

Mr. Philip Stein, for appellee.

Bailey, P. J. On the 10th day of January, 1883, Kuh, Nathan & Fischer, by their lease of that date, demised and leased to S. Dexter Ludden, the appellant, the five story and basement building known as numbers 183, 185 and 187, Fifth Avenue, Chicago, for a term commencing April 1, 1883, and ending April 30, 1884, reserving as rent for the entire term the sum of $9,700, payable in monthly installments of $746.16, on the first day of each month, beginning April 1, 1883. On the same day and as a modification of the lease, said parties executed a memorandum of an agreement in the following terms :

" Chicago, Jan. 10, 1883.

"Memorandum of contract. Kuh, Nathan & Fischer, have this day leased premises Nos. 183, 185 and 187, Fifth Ave., to S. D. Ludden, from April 1, 1883, until April 30, 1884, at a rental of nine thousand seven hundred dollars for the term; possession to be given March 1, 1883, and in case possession is not given March 1, 1883, Kuh, Nathan & Fischer agree to pay said S. D. Ludden, for time occupied by Kuh, Nathan & Fischer after February 28, 1883, $23.10 per day, until pos-

session is given, and the use of that part of the basement of 181 Fifth Avenue, which we now occupy, from Feb. 1 to April 30, 1883. This agreement constitutes a part of lease of even date. Received on above contract five dollars."

On the 15th day of February, 1883, Ludden, by his lease of that date, demised and leased to Albert Stern, the appellee, the second floor of said building, with the appurtenances, for a term commencing April 10, 1883, and ending April 30, 1884, receiving as rent the sum of $2,638.89, payable in monthly installments of $208.33, on the 20th day of each month during the term, commencing April 20, 1883, except that the last installment was to be $136.89. Said lease contained a covenant, on the part of the lessee, to surrender up the premises to the lessor at the end of the term, and also a covenant authorizing the lessor to distrain for any rent that might be in arrears.

Kuh, Nathan & Fischer were in possession of the entire building at the date of their lease to Ludden, and so remained until the 28th or 29th of April, 1883. Stern never obtained possession of the portions of the building demised to him, but the evidence tends to show that on the 10th day of April, 1883, he demanded possession of Ludden, in the presence of Kuh, Nathan & Fischer, and was told by Ludden that he could not give it to him. The evidence also tends to show that Stern applied to Kuh, Nathan & Fischer for possession shortly before and shortly after that date and was refused.

On the 21st day of June, 1883, Ludden, claiming that two installments of rent reserved in his lease to Stern were due and in arrears, issued his distress warrant against Stern, which being executed by distraining certain goods and chattels belonging to Stern, was filed in the superior court, and, proper issues having been formed, a trial was had before the court, a jury being waived, resulting in a finding and judgment in favor of Stern.

The decision of the case must turn very largely upon the question whether, at and after the commencement of the term created by the lease from Ludden to Stern, Kuh, Nathan & Fischer were rightfully in possession of the demised premises.

If their possession was rightful, so that Stern could not have maintained an action of forcible detainer or ejectment against them, Ludden is barred from recovering rent from them.    See Field v. Herrick, 14 Bradwell, 181, and authorities cited.    This question depends upon the interpretation and force to be given to the memorandum agreement of January 10, 1883.    The lease of that date, considered by itself, clearly gave ·Ludden the right of possession of the entire building on and after April 1, 1883.    Was such right surrendered or impaired by that agreement?

The agreement is very inartificially drawn, and the intention of the parties, whatever it may be, is not clearly expressed. But we think that the most obvious inference deducible from the situation of the parties and the language employed is, that the real object of the instrument was to give to Kuh, Nathan & Fischer the right, notwithstanding the lease, to retain possession of the building after April 1st, and down to the 30th day of that month, if the exigencies of their business made it necessary for them to do so.

It must be conceded that, apart from such extension of their right of possession, every other provision in the agreement was in the nature of a concession by them to Ludden. Thus, by the lease, the term of the demise was to run from April 1, 1883, to April 30, 1884, but by the agreement the lease was so modified as to commence March 1, 1883, thereby adding one month to the duration of the term without increasing the aggregate rent.    In case of failure to surrender possession March 1st, they agreed to pay Ludden $23.10 per day, a thing they were under no obligation to do by the terms of the lease ; and they further agreed to give Ludden the use of a portion of the basement of another building, which, unless the instrument was intended to secure them some corresponding advantage, was, like the other matter above mentioned, a mere gratuity.    If our interpretation of the instrument is not correct, it was without consideration and was a mere *nudum pactum*.

It may well be supposed, however, that after executing and delivering the lease Kuh, Nathan & Fischer became apprehen-

sive that they might not be able to vacate the building by the time stipulated, as was afterward actually the case, and that to secure to themselves the right to remain after April 1st they made to Ludden the very considerable concessions above pointed out. That seems to be the only rational ground upon which the execution of the memorandum agreement can be accounted for, and it does no violence to the instrument, considered in the light of the attending circumstances, to give it that interpretation. If, then, we give to the word "and" in the clause "and in case possession is not given March 1st," the force of "or" and we think the intention of the parties, as shown by the general scope of the instrument, justifies such reading—everything is plain. The agreement then is, to give possession March 1st, or in case possession is not then given, to pay Ludden at the rate of $23.10 per day until possession should be given.

It would thus appear that, on the 10th day of April, when the term of Stern's lease began, Kuh, Nathan & Fischer were rightfully in possession, and that Stern's lease gave him no right of possession as against them. Ludden then was not entitled to rent. The rulings of the court below seem all to have been in harmony with this view, and the judgment will be affirmed.

Judgment affirmed.